**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **THOMAS M. SMITH,** | |
| **Plaintiff,** | |
| | **Case No. 26-cv-00249-SPM** |
| **v.** | |
| **P.A. GERST,
C/O BRUBAKER, and
WARDEN CROW,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Thomas Smith, an inmate of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Big Muddy River Correctional Center (Big Muddy), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Along with his Complaint, Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction, which is now before the Court. (Doc. 2). For the following reasons, the Motion is **DENIED**.

### ALLEGATIONS IN THE COMPLAINT

In the Complaint, Plaintiff alleges the following: On January 14, 2026, while moving his property box, Plaintiff caught his thumb between the bunk bed and the box, "snapping [his] thumb." (Doc. 1, p. 3). His thumb immediately began to swell, and the tip turned purple. Plaintiff felt a tingling sensation consistent with the feeling of losing circulation. His thumb was visibly dislocated and not in its proper placement. Plaintiff notified Correctional Officer Brubaker, the wing officer, and asked to be sent to "medical." Brubaker told Plaintiff that Plaintiff would be fine

Page 1 of 6

and did not call medical staff or attempt to obtain medical attention for Plaintiff's injury. (*Id*.).

For the next two days, Plaintiff continued to show the "medline" nurse his injury, but the nurse did not even bother to look at his thumb and told Plaintiff to submit a "sick call" request. (Doc. 1, p. 3). On January 15, 2026, Plaintiff requested to be seen at sick call. (*Id.* at p. 4).

On January 17, 2026, Correctional Officers Casey and Dean called the health care department about Plaintiff's injury, and Plaintiff was seen by a nurse. (Doc. 1, p. 4). The nurse told Plaintiff that without an x-ray she could not tell if his thumb was broken. She gave Plaintiff ibuprofen and Tylenol, but the medicine did not help his pain. (*Id*.).

On January 20, 2026, Plaintiff had an appointment with Physician Assistant Gerst. (Doc. 1, p. 4). During the appointment, Gerst was rude, and his back was to Plaintiff for "90% of the appointment." (*Id.* at p. 5). Gerst grabbed Plaintiff's thumb and tried to bend the thumb too far. Plaintiff jerked and cried out in pain, but Gerst told him to "stop acting like a fool." Gerst ordered x-rays and gave Plaintiff ibuprofen, but Gerst did not splint the thumb. X-rays of Plaintiff's thumb were taken on January 26, 2026. The following day, Plaintiff requested sick call because of the pain and an ongoing tingling sensation in the tip of his thumb. Plaintiff was seen at sick call on January 29, 2026, and only given more ibuprofen, even though it was not effective at treating his pain. (*Id*.).

Plaintiff requested another sick call appointment on February 10, 2026. (Doc. 1, p. 5). Plaintiff was seen on February 12, 2026, and he told the nurse that he had not been seen by the doctor about his x-ray results. The nurse was surprised and made a note to have Plaintiff seen by a doctor. (*Id.*). Plaintiff submitted a sick call request on February 17, 2026, because of his pain, loss of feeling, and limited range of motion. (*Id.* at p. 6). Plaintiff was seen at sick call on February 23, 2026. (*Id.*).

Plaintiff had an appointment with Gerst on February 27, 2026, to review the x-ray results.

(Doc. 1, p. 6). Plaintiff explained to Gerst his ongoing symptoms, specifically a "pins and needles" sensation in the tip of his thumb, pain in the knuckle closest to the thumbnail, and limited range of motion. Gerst explained that the x-ray results were normal and did not order further testing, despite the obvious deformity of Plaintiff's thumb, ongoing pain, and tingling sensation. Gerst told Plaintiff that if his thumb was not better in a month or two then Gerst could order physical therapy. Gerst remarked that ordering physical therapy "would be pointless since the physical therapist is about eight months behind schedule." (*Id.*).

### MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Plaintiff has filed a motion seeking a temporary restraining order (TRO) and/or preliminary injunction directing that he be seen by an orthopedic doctor to be properly diagnosed and treated and that he be prescribed proper pain medication. (Doc. 2). He states that he will likely suffer long-term permanent damage unless the Court issues an injunction. (*Id.* at p. 3).

To obtain emergency injunctive relief, whether through a TRO or preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citations omitted). All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Plaintiff has not met this high burden. Notably, Plaintiff has not demonstrated that he is likely to succeed on the merits of his Eighth Amendment deliberate indifference claim against Defendants, and so, his motion must be denied.

In order to prevail on a claim of deliberate indifference, Plaintiff must show that his condition was "objectively, sufficiently serious" and that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). Assuming that the injury to Plaintiff's thumb and

Page 3 of 6

associated pain amount to an objectively serious medical condition, Plaintiff has not presented evidence to substantiate his claim that Defendants were aware of and consciously disregarded his serious medical needs. While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). A "strong showing" includes a "demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). Relying on his allegations in the Complaint is not sufficient. In assessing whether a request for emergency injunctive relief has adequately demonstrated a reasonable likelihood of success on the merits, the Court does not simply "accept [Plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the Court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

As to Physician Assistant Gerst, to the extent that Plaintiff has adequately pled an Eighth Amendment deliberate indifference claim, Plaintiff has not presented evidence that Gerst consciously disregarded a risk to Plaintiff's health in rendering his treatment decisions. Because Gerst is a medical provider, "a prisoner must demonstrate that the medical professional's response was so inadequate that it demonstrated an absence of professional judgment." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021) (internal quotations and citations omitted). At this point, all Plaintiff has shown is a disagreement with his care. *See Proctor v. Sood,* 863 F.3d 563, 568 (7th Cir. 2017). He claims that Gerst did not splint his thumb during the appointment on January 20 and that Gerst did not address his pain or "pins and needles" sensation in his thumb during the February 27 appointment. Instead, Gerst advised that he could prescribe physical therapy if Plaintiff's thumb does not improve in a month and informed Plaintiff that there is a long

Page 4 of 6

wait for physical therapy. Plaintiff believes that Gerst should have ordered further diagnostic testing. (Doc. 2, p. 2). There is nothing in the record, however, indicating how Plaintiff plans to demonstrate that Gerst's decision to allow Plaintiff's thumb to heal on its own, based on "normal" x-ray results, departed from accepted medical judgment, practice, or standards. Furthermore, Plaintiff filed his motion for preliminary injunction five days after his appointment with Gerst, and it does not appear that Gerst is aware that Plaintiff requires additional medical treatment. Accordingly, it is not clear how Plaintiff plans to demonstrate deliberate indifference on the part of Gerst, a key element of the case, and therefore, he has not met the burden of showing that he has a likelihood of succeeding on the merits.

As to Defendant Warden Crow and Correctional Officer Brubaker, Plaintiff does not state a viable Eighth Amendment claim. Plaintiff does not assert any allegations against Crow in his statement of facts, so the Court is unable to ascertain what claims, if any, Plaintiff has against Crow. Crow cannot be held liable simply because she is in a supervisory position, and merely listing the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *Horshaw v. Casper,* 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

As for Brubaker, Plaintiff only interacted with Brubaker one time on January 14, 2026, immediately after he injured his thumb. He claims Brubaker ignored his request for medical attention. This single isolated incident does not amount to a constitutional violation, as single instances of neglect are generally insufficient to support a claim of Eighth Amendment deliberate indifference. *See Owens v. Duncan*, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction

with staff at sick call did not amount to deliberate indifference); *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference"). Based on the facts in the Complaint, Plaintiff has not sufficiently pled a constitutional claim against Crown and Brubaker and so there is no way Plaintiff could meet his burden of showing that he has a likelihood of succeeding on the merits of any claim against them.

The Court also notes that Plaintiff has not demonstrated that he is likely to suffer irreparable injury without the Court's involvement. He states in the Motion for a TRO and/or Preliminary Injunction that in the last two weeks he has requested sick call twice and received no response. (Doc. 2, p. 2). According to the Complaint, however, he continues to be seen by medical staff for his injury. He submitted a sick call request on January 15 and was seen on January 17; he submitted a sick call request on January 27 and was seen on January 29; he submitted a sick call request on February 10 and was seen on February 12; and he submitted a sick call request on February 17 and was seen on February 23. In between these appointments at sick call, he was treated by Gerst on January 20 and February 27, and x-rays were taken on February 26. Based on these facts, Plaintiff has not made a clear showing that immediate and irreparable injury will result without an emergency injunction. Although he is dissatisfied with his care at Big Muddy and continues to experience pain and a tingling sensation in his thumb, there is no evidence that he is being denied medical treatment. Plaintiff's dissatisfaction with the treatment decisions does not show likely harm. For these reasons, the Court will not grant Plaintiff a TRO or preliminary injunction. (Doc. 2).

**IT IS SO ORDERED.**

**DATED: March 11, 2026**

                                          *s/Stephen P. McGlynn*
                                        **STEPHEN P. MCGLYNN**
                                        **United States District Judge**